UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IZZO GOLF, INC.,

                    Plaintiff,

                                              04-CV-6253T
                                              **DECISION**
          v.                                  **and ORDER**

TAYLOR MADE GOLF COMPANY, INC.,
d/b/a TAYLOR MADE-ADIDAS GOLF COMPANY,

                    Defendant.
_____

TAYLOR MADE GOLF COMPANY, INC.,
d/b/a TAYLOR MADE-ADIDAS GOLF COMPANY,

                    Counter-Claimant,

          v.

IZZO GOLF, INC.,

                    Counter-Defendant.
_____

## <u>INTRODUCTION</u>

     Plaintiff Izzo Golf, Inc., ("Izzo") brings this action
pursuant to federal patent law, (codified at 35 U.S.C. § 100 et.
seq.), claiming that defendant Taylor Made Golf Company Inc.,
("Taylor Made") has infringed Izzo's United States Patent No.
5,042,704 (filed March 23, 1990)(hereinafter "the '704 patent"), by
manufacturing and selling golf bags with straps for carrying the
bags that infringe upon the '704 patent. The '704 patent, entitled
"Dual Strap Carrying System for Golf Bags" generally discloses a
strap designed to evenly distribute the weight of a golf bag across

both shoulders of the person carrying the bag.  The strap system can also be used to carry a golf bag across only one shoulder.

Taylor Made now moves for summary judgment against the plaintiff on the issue of the validity of the '704 patent. Specifically, defendant contends that Claims 8, 11 and 14 of the '704 patent are anticipated by prior art, and that Claims 1, 2, 8, 11, and 14 are rendered obvious by prior art.  For the reasons set forth below, I deny defendant's motion for summary judgment.

<u>**BACKGROUND**</u>

The '704 Patent is the subject of several actions before this court.  In <u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, 02-CV-6012, this court had occasion to describe, in general terms, the nature of the '704 Patent.  As I stated in that case:

> United States Patent 5,042,704 discloses a dual strap carrying system for golf bags.  The crux of the invention is the utilization of two straps to carry the bag across both shoulders, rather than the use of a single strap (as traditionally found on golf bags) to carry the bag over a single shoulder.  By carrying the bag across both shoulders instead of one, the weight of the bag is more evenly distributed across the entire back of the person carrying the bag, and the person carrying the bag experiences less strain and muscle fatigue which typically occurs when the entire weight of the bag is imbalanced, and borne by only one shoulder.

<u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, 02-CV-6012 at p. 2-3 (July 5, 2007)(hereinafter the July 5, 2007 Decision and Order)

2

I further stated that:

> Although the strap disclosed in the '704
> Patent is designed to be used for carrying a
> bag over both shoulders, a feature of the
> invention is that because of its design, it
> can also be utilized to carry the bag over a
> single shoulder if the user prefers to carry
> his or her bags in the more traditional
> method. '704 Patent at col. 2, lns. 43-45.
> Another important feature of the strap is that
> because of its design, it can be retro-fitted
> to work with existing, traditional golf bags.
> '704 Patent at col. 2, lns. 32-36.

July 5, 2007 Decision and Order at p. 3.

## DISCUSSION

I.   Defendant's Motion for Summary Judgment

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  Scott v. Harris, _____ U.S. ___, _____; 127 S.Ct. 1769, 1776 (2007) .  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Scott, _____ U.S. at _____; 127

3

S.Ct. at 1776 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986).

    B.   <u>Standards for determining Anticipation and Obviousness</u>

Pursuant to 35 U.S.C. § 102, claims of a patent may be determined to be invalid it the invention or inventions disclosed in the claims are anticipated by prior art. A claim is "anticipated" if a single prior art reference "discloses each and every limitation of the claimed invention." <u>Schering Corp v. Geneva Pharm., Inc.</u>, 339 F.3d 1373, 1377 (Fed. Cir. 2003).

In accordance with patentability requirements set forth in 35 U.S.C. § 103, a patent claim may be determined invalid if it is found to be "obvious" in light of prior art. A claim is obvious if the patented invention would have been obvious to a person having ordinary skill in the art to which the subject matter of the patent pertains, at the time the invention was disclosed. <u>KSR International Co. V. Teleflex Inc.</u>, _____ U.S. _____, _____ ; 127 S.Ct. 1727, 1734 (2007)(<u>citing</u> 35 U.S.C. § 103). <u>See also</u> <u>Glaxo Group Ltd. v. Apotex, Inc.</u>, 268 F.Supp.2d 1013, 1031 (N.D. Ill. 2003)("patent claim is invalid for obviousness where the differences between the subject matter patented and the prior art are such that the subject matter as a whole would have been obvious to a person having ordinary skill in the art at the time the invention was made")

Whether or not a claim is anticipated by prior art is a question of fact. Eaton Corp. v. Rockwell International Corp., 323 F.3d 1332 (Fed. Cir. 2003). Whether or not a claim is obvious in light of prior art is a legal conclusion, but one which is premised on factual findings. Beckson Marine v NFM Inc., 292 F.3d 718 (Fed. Cir. 2002); Miles Laboratories, Inc. v. Shandon Inc., 997 F.2d 870 (Fed. Cir. 1993). Although the determination of whether or not a claim is anticipated or obvious requires factual determinations, those issues may nevertheless be resolved on a motion for summary judgement where there are no material facts in dispute. See Key Pharmaceuticals v. Hercon Laboratories Corp., 161 F.3d 709, 714 (Fed. Cir. 1998)(claims of anticipation amenable to summary judgment where there are no material issues of fact in dispute); Sibia Neurosciences, Inc. v. Cadus Pharm. Corp., 225 F.3d 1349, 1359 (Fed. Cir. 2000)(granting summary judgment on issues of obviousness).

While a patent may ultimately be declared invalid by a court of law, there is a legal presumption that a patent issued by the Patent Office is valid. Ruiz v. A.B. Chance Co., 234 F.3d 654, 662 (Fed. Cir. 2000). To overcome the presumption of validity, the party seeking to invalidate a patent must present clear and convincing evidence that the patent is invalid. Al-Site Corp. v. VSI Int'l, Inc., 174 F.3d 1308, 1323 (Fed. Cir. 1999).

C.   The '704 Patent is not invalid as anticipated or obvious <u>in light of Prior Art</u>

1.   <u>Claims 8, 11, and 14 are not anticipated by prior art</u>.

Taylor Made alleges that Claims 8, 11, and 14 of the '704 Patent are anticipated by prior art. Claim 8 of the '704 patent discloses:

> A golf bag adapted to receive a set of golf clubs for transport by a person, comprising:
>
> an elongated tubular body having a longitudinal axis and including a surrounding sidewall, a closed end and an open end such that golf clubs may be inserted into said tubular body through said open end;
>
> a shoulder strap assembly including first and second shoulder strap elements, said first strap element having a first strap end portion and a first strap element free end opposite said first strap end portion and said second strap element having a second strap element end portion and a second strap element free end opposite said first end portion;
>
> first mounting means on said golf bag at a first location, said first mounting means connected to said first strap element free end for securing said first strap free end to said golf bag at the first location;
>
> second mounting means on said golf bag at a second location axially spaced from the first location, said second mounting means connected to said first and second strap end portions for securing said end portions to said golf bag at the second location;
>
> third mounting means on said golf bag at a third location axially spaced from the second location between the second location and said closed end wherein, said third mounting means secures said second strap element free end to said golf bag at the third location; and

6

said first and second shoulder strap elements
sized to form first and second strap openings
respectively when secured whereby the person
may selectively carry said golf bag across one
shoulder with only said first strap element
and selectively carry said golf bag with both
shoulders in a fully supported state by
inserting his/her arms respectively through
the first and second strap openings so that
said golf bag is suspended from and supported
by both shoulders with said golf bag oriented
transversely across the back of the person.

'704 Patent at col. 16, lns. 9-48.

Claim 11 of the '704 patent discloses: "A golf bag according

to claim 8, wherein said first, second and third mounting means

include means for releasably connecting said strap elements to said

first, second, and third locations, respectively." '704 Patent at

col. 16, lns. 57-60.

Claim 14 of the '704 patent discloses:

In a golf bag to be carried by a person, a
golf bag having an elongated enclosure
including a surrounding sidewall, a closed end
and an open end whereby golf clubs may be
inserted lengthwise into said golf bag through
the open end, the improvement comprising:

a shoulder strap assembly disposed externally
of said sidewall including first and second
strap members, each of said strap members
having opposite ends;

first and second securing means for securing
each of said opposite ends of said first strap
member to longitudinally spaced locations on
said sidewall including a first location
proximate said open end and a second location
longitudinally spaced from said first location
whereby said first strap member defines a

7

first strap opening through which one arm of
the person can be inserted; and

third and fourth securing means for securing
each of said opposite ends of said second
strap member to longitudinally spaced
locations on said sidewall to define a second
strap opening that another arm of the person
can be inserted through said second strap
opening whereby said golf bag can be
selectively supported on one shoulder by said
first strap member to incline downwardly
across the back of the person carrying said
golf bag and can be selectively supported on
both shoulders by said first and second strap
members with said golf bag extending
transversely across the back of the person
carrying said golf bag.

'704 Patent at col. 17, ln. 11 - col. 18, ln. 19.

Taylor Made contends that these claims are anticipated by U.S.

Patent 3,622,056 (the '056 Patent). The '056 Patent, entitled



FIG. 2

"Convertible Satchel," discloses a satchel
that is "adapted to be carried in the hand
. . . or carried upon the back in the
manner of a backpack." '056 Patent at
column 1, lns. 5-7. As can be seen from
Figure 2 from the '056 Patent, the '056
Patent discloses a strap system utilizing
two straps (identified as 22 and 23,
respectively) which are mounted to a bag at three locations (27,

33, and 34). Though the '056 Patent does not disclose the shape of

the bag that may be used with the strap system, and therefore is

not limited to a specific shape, the preferred embodiment of the

8

bag is depicted in all of the illustrations as being of a square shape.

The '056 Patent purported to solve the problem of carrying a conventional suitcase or valise over long distances. '056 Patent at column 1, lns. 17-18. According to the inventor, conventional suitcases could only be carried by hand, and when carried over long distances, this method of transport created fatigue, and necessarily prevented one of the user's hands from being used to perform other tasks. '056 Patent col. 1, lns. 8-15. The inventor sought to remedy this problem by adding shoulder straps to the bag to allow the bag to be carried in the manner of a backpack. '056 Patent col. 1, lns. 16-18. According to the inventor, however, shoulder straps were visually unappealing, and carrying a bag as a backpack could be uncomfortable. '056 Patent col. 1, lns. 20-24. Accordingly, the inventor devised a method for hiding the shoulder straps when they were not in use, and for maximizing user comfort by proportioning the bag for full support over both shoulders, and allowing for unrestricted freedom of movement. '056 Patent col. 1, lns. 27-35.

Taylor Made argues that each element of Claims 8, 11, and 14 of the '704 Patent is disclosed in the '056 patent, and therefore, Claims 8, 11, and 14 of the '704 Patent are anticipated. I find, however, that the '056 Patent does not disclose several of the elements claimed in independent Claims 8 and 14 of the '704 Patent,

and therefore, I hold that Claims 8 and 14, and dependent Claim 11 of the '704 Patent are not anticipated by the '056 Patent.

    a.   The claimed elements of an elongated tubular body, or an elongated enclosure, with an open and closed end for carrying golf clubs are not anticipated by the '056 <u>Patent</u>.

Claim 8 of the '704 Patent, discloses a bag with "an elongated tubular body having a longitudinal axis and including a surrounding sidewall, [and] a closed end and an open end such that golf clubs may be inserted into said tubular body through said open end." '704 Patent at col. 16 lns. 11-15.  Claim 14 of the '704 Patent claims "a golf bag having an elongated enclosure including . . . a closed end and an open end whereby golf clubs may be inserted lengthwise into said golf bag."  '704 Patent at col. 17 lns. 11-15.

Unlike the '704 Patent, which discloses the general size and shape of the bag to be used, the '056 Patent is silent as to the size and shape of the bag that may be attached to the strap system disclosed.  Accordingly, the '056 Patent does not disclose an elongated or tubular bag.  See <u>In re Warmerdam</u>, 33 F.3d 1354, 1360 (Fed. Cir., 1994)("It is the claims [of the patent] which define the metes and bounds of the invention entitled to the protection of the patent system.")

Defendant contends, however, that the specification contemplates that a variety of differently shaped bags could be attached to the strap system disclosed, and that because the '056 Patent does not limit the size or shape of the bag, the court may

not impose such limitations on any bag that may be attached to the strap system.   The scope of a patent, however, may not be extended to "all the possible permutations of elements which can be made from the specifications . . . ."   Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 146 (1942).   As stated by the Supreme Court in Milcor, "it is the[] claims [of the patent], not the specifications, that afford the measure of the grant to the patentee."   Id. at 145-46.   Because the claims of the '056 Patent are silent as to the size and shape of the bag, the '056 Patent can not be found to disclose or anticipate a bag in the shape of an elongated tubular body or elongated enclosure.

With respect to the bag depicted in the '056 Patent, the defendant concedes that the bag of the '056 Patent is "generally square in shape."   Defendant's Memorandum of Law in Support of Motion for summary Judgment at p. 8. As such, the bag depicted in the '056 Patent is neither tubular nor elongated. Under the ordinary meaning of those terms.   The terms "elongated tubular body" and "elongated enclosure" are not defined in the patent, and the parties did not identify those terms as disputed claim terms in the parties' previous Markman disclosures.   Giving these terms their ordinary meaning, the term "elongated" means "stretched out", or "long in proportion to width".   Webster's Ninth New Collegiate Dictionary 404 (1985). "Tubular" is defined as "having the form of or consisting of a tube". Webster's Ninth New Collegiate Dictionary

1269 (1985).   Under these definitions, the bag depicted in the illustrations of the '056 Patent is neither tubular nor elongated.

Additionally, the '056 Patent does not disclose a bag with an "open end" and a "closed end" in which golf clubs can be placed as required by Claims 8 and 14 of the '704 Patent.   Again, the claims of the '056 Patent are silent as to whether or not the bag to be used with the disclosed strap system has an open or closed end. Accordingly, the '056 Patent can not be found to claim, or anticipate, a bag with an open and closed end.   Though the defendant argues that the specification provides that the bag is equipped with a slide fastener, and that the fastener may be configured so as to allow one side of the bag to be "open" and one side to be "closed," as stated above, the scope of the '056 Patent can not be extended to all possible permutations that can be conceived of based on the specification.   Milcor Steel Co, 316 U.S. at 146.   Instead, in comparing the '704 Patent to the '056 Patent for purposes of determining anticipation, the court may consider only what the '056 Patent claims.   Because the '056 Patent does not claim a bag with an open and closed end, it does not anticipate a bag, such as the bag disclosed in the '704 Patent, that utilizes open and closed ends.

Finally, there is no indication in the '056 Patent that the bag disclosed in the claims of that Patent could be used to carry golf clubs of any kind.   While defendant contends that if only one

12

of the three sides was opened using the slide fastener or zipper, the bag of the '056 Patent could be used to carry children's golf clubs, such speculation can not establish that the '704 Patent reads on the claims of the '056 Patent.   There is no evidence suggesting that the bag disclosed in the '056 Patent could be used, without modification, to carry golf clubs over both shoulders, or more significantly, over a single shoulder as required by Claims 8 and 14 of the '704 patent.   Accordingly, I find that the '056 Patent does not anticipate Claims 8 or 14 of the '704 Patent. <u>See Kellogg Switchboard and Supply Co. v. Michigan Bell Telephone Co.</u>, 99 F.2d 207, 211-212 (6th Cir., 1938)("a prior device does not anticipate even though by modification it may be made to accomplish a function performed by the patent if not designed for that purpose by its maker or adapted for use therefor").

   b.   The claimed elements of axially spaced mounting means or a bag utilizing four securing means are  not anticipated <u>by the '056 Patent</u>

Claim 8 of the '704 Patent claims a "first mounting means" which secures one end of the first strap to the golf bag at a "first location", a "second mounting means" which secures the other end of the first strap and the first end of the second strap to a "second location" on the bag that is "axially spaced from the first location", and a "third mounting means" which secures the other end of the second strap to the golf bag "at a third location axially

13

spaced from the second location between the second location and said closed end".

Like Claim 8 of the '704 Patent, the '056 Patent discloses the use of three mounting means to secure the four ends of the two straps utilized in its strap system. The placement of the mounting means in the '056 Patent is, however, significantly different from the placement of the mounting means as required by Claim 8 of the '704 Patent. Accordingly, I find that the '056 Patent does not anticipate Claim 8 of the '704 Patent.

As an initial matter, unlike the bag disclosed in Claim 8 of the '704 patent, which has an elongated tubular body with a longitudinal axis, the bag disclosed in the '056 patent does not disclose an elongated shape with a longitudinal axis. As a result, there is no axis along which the mounting means can be placed. As can be seen from the illustration of the bag depicted in the illustrations of the '056 Patent above, two of the mounting means of the '056 Patent are placed towards the bottom of the bag, and one is placed towards the top. Such placement is not along the axis of the bag, and as a result, the mounting means of the '056 Patent are not in locations that are axially spaced.[1]

---

[1] It is axiomatic that because two points define a line, any two of the mounting means found in the '056 Patent are linearly spaced. And while "linearly spaced" mounting points could also be axially spaced, in this case, because the mounting points disclosed in the '056 patent are not placed along an axis, they are not axially spaced as required by the '704 Patent.

14

Claim 14 of the '704 Patent claims a dual-strap system for carrying a golf bag that utilizes four "securing means" for securing the strap ends of the two straps to the golf bag. The '056 Patent, however, as stated above, discloses only three securing means. Accordingly, the element of Claim 14 of the '704 Patent claiming four separate securing means is not anticipated by the '056 Patent.

     c.    The '704 Patent's claims that the bag may be carried over one shoulder or both shoulders are not anticipated by the '056 Patent

Claims 8 and 14 of the '704 Patent disclose a bag that can be carried over a single shoulder, or, if so desired by the user, over both shoulders. Specifically, Claim 8 of the '704 Patent provides that the user of the golf bag disclosed in the claim may either carry the bag "across one shoulder with only the first strap" or may carry the bag over both shoulders with the bag being "oriented transversely across the back" of the user. '704 Patent at col. 16, lns. 41-48. Similarly, Claim 14 of the '704 Patent provides that the disclosed bag may be carried over one shoulder, or, if preferred by the user, over both shoulders. '704 Patent at col. 18, lns. 12-19. Accordingly, pursuant to Claims 8 and 14 of the '704 Patent, the bag may be carried in the traditional manner of a golf bag over one shoulder, or in the manner provided for in the patent: over both shoulders.

By contrast, the '056 Patent only claims the use of both shoulders when carrying the bag in the manner of a backpack.[2] Even assuming that the bag of the '056 Patent could be carried over a single shoulder, there is no evidence in the record to suggest that the bag could be used to carry <u>golf clubs</u> while using only one of the shoulder straps.  While it is improbable that the knapsack of the '056 Patent could be used to carry golf clubs even if it was used in the manner described–supported by both shoulders–it appears that using the bag to carry golf clubs over only one shoulder would be virtually impossible.  This is because, unlike the bag disclosed in the '704 Patent, the bag of the '056 Patent does not have an open end, a closed end, or an elongated tubular shape. Accordingly, I find that the element of Claims 8 and 14 of the '704 Patent disclosing the ability to carry golf clubs in a bag over one shoulder, or, if preferred, over both shoulders, is not disclosed in the '056 Patent.

   d.   Claim 11 of the '704 Patent is not anticipated by the
        <u>'056 Patent</u>.

Because Claim 8 of the '704 Patent is not anticipated by the '056 Patent, I find that Claim 11 of the '704 Patent, which is a dependent claim of Claim 8, is not anticipated by the '056 Patent.

---

[2] As stated above, the '056 Patent also discloses carrying the bag with a single hand in the manner of a handbag.  With respect to its use as a knapsack, however, the patent is silent as to its functionality–or lack thereof–if the bag were to be carried over one shoulder.

> 2.   Claims 1, 2, 8, 11, and 14 are not rendered obvious by <u>prior art</u>.

Taylor Made contends that Claims 1, 2, 8, 11, and 14 are invalid as obvious in light of prior art.  Claim 1 of the '704 patent provides:

> In a golf bag adapted to receive a set of golf clubs which each have a club head and an elongated shaft, said golf bag being in the form of an elongated tube including a surrounding sidewall, a closed end and an open end whereby the shafts of said golf clubs may be longitudinally inserted into said golf bag through the open end so that said golf clubs are stored in a position with the club heads projecting out of said golf bag proximate the open end, the improvement comprising a strap assembly adapted to permit a person to carry said golf bag on either or both shoulders, said strap assembly including a single strap comprising a first strap portion including a first central pad, a first strap portion first end attached on one end of said first central pad and a first strap portion second end attached on another end of said first central pad whereby said first strap portion has a first strap first end secured to said golf bag at a first location proximate said open end and a first strap portion second end secured to said golf bag at a second location axially spaced from the first location so that said first strap portion defines a first strap portion opening, and including a second strap portion including a second central pad, a second strap portion first end attached on one end of said second central pad and a second strap portion second end attached on another end of said second central pad whereby said second strap portion has a second strap portion first end secured to said golf bag proximate the second location and having a second strap portion second end secured to said golf bag at a third location axially spaced from the second location between the

17

> second location and said closed end to define
> a second strap portion opening, said first and
> second strap portions being sized so that one
> arm of the person can be inserted through the
> first strap portion opening and another arm of
> the person can be inserted through the second
> strap portion opening whereby said golf bag
> may be supported by said first strap portion
> extending across one shoulder of the person
> and by said second strap portion extending
> across another shoulder of the person.

Claim 2 of the '704 Patent claims:

> The improvement according to claim 1 wherein
> said first and second central pads are arcuate
> in configuration so that, when said golf bag
> is supported, each of said central pads
> extends upwardly from the second location,
> forwardly across the shoulders of the person,
> downwardly and outwardly from the shoulders
> and then rearwardly to the first and third
> locations respectively.

In determining whether or not a patent claim is obvious in light of prior art, the court must first determine the scope and content of the prior art. KSR International, 127 S.Ct. at 1734. The court must also determine the level of ordinary skill of a practitioner of the art that is the subject matter of the patent. The court is then required to compare the relevant prior art to the construed claims of the patent at issue. Id., See also Key Pharmaceuticals, 161 F.3d at 715. Based on the prior art, if the patented invention would have been obvious to a person having ordinary skill in the art to which the subject matter of the patent pertains, the patent is invalid. KSR International, 127 S.Ct. at 1734. However, "a patent [that is] composed of several elements is

18

not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." KSR International, 127 S.Ct. at 1741. "This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." Id.

a.   The Prior Art

The defendant has asserted that two prior art references–U.S. Patents 4,487,347 and 3,622,056–render claims 1, 2, 8, 11 and 14 of



FIG. 3

the '704 patent are invalid as obvious. As stated above, the '056 patent discloses a knapsack featuring dual straps for carrying the bag over both shoulders. The '347 patent discloses a dual strap system that can be retrofitted to a golf bag for the purpose of carrying the bag transversely across the back over both of the user's shoulders. As can be seen from Figure 3 of the '347 Patent, the strap system utilizes a metal or plastic bar to which two independent straps are affixed. The bar is configured in such a manner that it can be affixed to a traditional golf bag. Once the bar is



FIG. 5

19

affixed to the bag, the user can then carry the golf bag over both shoulders, as illustrated in Figure 5 of the '347 Patent.

      b.   <u>The Level of Ordinary Skill in the Art of Golf Bag Design</u>

In <u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, 02-CV-6012, decided after the instant motion was filed, this court was required to determine the level of skill involved in the art of golf bag design as it relates to the patent and prior art at issue. I held that "there is no particular specialized skill" that was required of a person practicing the art of golf bag design. <u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, 02-CV-6012 at p. 9-10 (W.D.N.Y. June 16, 2008). Taylor Made urges the same construction in this case. Plaintiff objects to such a construction on grounds that defendant has failed to establish the basis for adopting such a standard.

I find no compelling reason to alter my previous conclusion that no specialized skill is required in the art of golf bag design as it relates to the patent and prior art at issue. Accordingly, I adopt my previous finding set forth in <u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, that "the level of ordinary skill involved in the art at issue is equivalent to that of a 'backyard inventor'—a person who 'saw a problem and found a solution to it, a simple mechanical solution.'" <u>Izzo Golf, Inc. v. King Par Golf, Inc.</u>, 02-CV-6012 at p. 10 (W.D.N.Y. June 16, 2008)(internal quotations omitted)

c. The Prior Art References do not render Claims 1, 2, 8, 11 or 14 of the '704 Patent Obvious.

i. Claims 1, 8 and 11 of the '704 Patent are not obvious

Taylor Made contends that the combination of the '056 and '347 Patents disclose or suggest each and every element found in independent claims 1, 8, an 14 of the '704 Patent and that as a result, those claims are rendered obvious by the prior art.  I find, however, that the '056 and '347 Patents fail to disclose or suggest the use of a dual strap that can be used to carry a golf bag over one shoulder in the traditional manner, or over both shoulders, with the bag supported transversely across the back with the weight of the bag evenly distributed across the user's shoulders.  Accordingly, I find that claims 1, 8, and 14 of the '704 patent are not rendered obvious by the '056 and '347 patents.

As I stated in Izzo Golf, Inc. v. King Par Golf, Inc., 02-CV-6012:

> The '347 patent discloses a dual-strap method for carrying a golf bag transversely across the user's back.  The two straps are attached to a rigid bar, and the bar is attached to a golf bag at the points at which a traditional strap would be attached.  As such, the '347 patent discloses a dual strap that can be retro-fitted to existing bags which allows the user to carry the bag transversely across the user's back, with the weight of the bag distributed to both shoulders.

Izzo Golf, Inc. v. King Par Golf, Inc., 02-CV-6012 at n. 3 (W.D.N.Y., June 16, 2008).  I further stated that while several of the features of the '347 Patent were found in the '704 Patent, "the strap disclosed in the '704 patent, (unlike the strap disclosed in

the '347 patent) allows the user to carry the bag either over both shoulders, or in the traditional manner, over one shoulder." Id. With respect to the '056 Patent, for the reasons set forth in Section II(c) above, I find that the '056 Patent does not disclose or suggest a bag that could be used to carry golf clubs over a single shoulder.  I therefore find that the independent claims of the '704 Patent are not obvious in light of the '056 or '347 Patents.

ii.  <u>Claims 2 and 14 of the '704 Patent are not obvious</u>

Claims 2 and 11 of the '704 patent are dependant claims of independent Claims 1 and 8 respectively .  Because I find that Claims 1 and 8 are not obvious in light of the prior art, I find that Claims 2 and 11, cannot, as a matter of law, be obvious.

### CONCLUSION

For the reasons stated herein, I find that the '704 Patent is not anticipated by the '056 Patent, and is not obvious in light of the '056 and '347 Patents.  I therefore deny defendant's motion for summary judgment on the issue of validity.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          July 16, 2008

22